DANIEL W. BRAYTON *vs.* SAMUEL S. DEXTER.

After a trial in the Justice Court the defendant took an appeal to the Court of Common Pleas. The appeal was dismissed for want of a duly executed bond, and the defendant then asked this court to grant a new trial.

*Held,* that this court could not grant the new trial. Pub. Stat. R. I. cap. 221, § 8, did not apply, as a trial had taken place in the Justice Court. Pub. Stat. R. I. cap. 221, § 2, did not apply, as no trial had taken place in the Court of Common Pleas.

DEFENDANT's petition for a new trial.

*January* 7, 1888. PER CURIAM. This is an action of trover brought originally in the Justice Court of the town of Lincoln, where on trial, under the plea of not guilty, judgment was rendered on March 6, 1886, for the plaintiff for $34.98 damages and $4.70 costs. The defendant appealed to the Court of Common Pleas, the appeal bond being signed, however, not by the defendant personally, but in his name by his attorney of record as his attorney. In the Court of Common Pleas the appeal was dismissed, on motion of the plaintiff, because the bond was not duly executed, the attorney of record as such having no power to sign it in the name of his client. See *Murray* v. *Peckam,* 15 R. I. 297. The defendant now petitions for a new trial " because, by reason of accident, misfortune, and mistake, he was prevented from having a full, fair, and impartial trial in said Court of Common Pleas." The plaintiff opposes the petition, and contends that the court has no power to grant it.

He contends that the court cannot grant a new trial in the Justice Court, because the only power given to grant a trial in

Justice Courts is given by Pub. Stat. R. I. cap. 221, § 8, and is expressly limited to cases in which no trial has been had. And see *Vaughan* v. *Allen*, 3 R. I. 122. This is clearly so. The defendant, however, if we understand his petition aright, asks for a new trial, not in the Justice Court, but in the Court of Common Pleas.

The only provision under which it can be claimed that a new trial is grantable in the Court of Common Pleas is Pub. Stat. R. I. cap. 221, § 2, which authorizes this court to grant a trial or a new trial in certain circumstances or contingencies in a suit " which shall have been tried or decided " in the Court of Common Pleas within one year previous to the application for such trial or new trial. The plaintiff contends that the petition here is not within this section, because the action never was " tried or decided " in the Court of Common Pleas since the appeal was void. We think this is so. The bond being void, the appeal was at least voidable if not utterly void, and when dismissed on the plaintiff's motion it was as if it had never been taken. The fact is, the defendant, having failed to accomplish his appeal in regular form, is endeavoring to accomplish it under the form of a petition for a new trial. The General Assembly has not made any provision for this, nor has it empowered the court to give further time for appeal to appellants who by accident or mistake have failed to perfect their appeal as allowed by statute. The statutes remain now as they were when the civil jurisdiction of justices of the peace or justice courts was limited to actions in which the debt or damages demanded did not exceed twenty dollars, though now, owing to the greatly enlarged jurisdiction, the consequence of such accident or mistake is very much more serious. *New trial denied.*

*W. B. Tanner*, for plaintiff.

*J. Osfield, Jun.*, for defendant.